Fill in this information to identify the case:

Debtor 1 AUTUMN LYNN RUDDY

Debtor 2
(Spouse if filing)
United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF MISSISSIPPI
Case number  26-51003
WWR # 042228403

Official Form 427

# Cover Sheet for Reaffirmation Agreement

12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form.  Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

| **Part 1:** | Explain the Repayment Terms of the Reaffirmation Agreement |
|---|---|

| 1. Who is the creditor? | NAVY FEDERAL CREDIT UNION |
|---|---|
| 2. How much is the debt? | On the date that the bankruptcy case is filed    $20,082.04<br>To be paid under the reaffirmation agreement  $20,082.04<br>Your first payment in the amount of $523.62 which includes any past due amounts is due on 07/12/2026<br>Thereafter, your payment schedule will be 63 payments in the amount of 434.31 each payable monthly on the 12th |
| 3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).) | Before the bankruptcy case was filed     13.290%          Fixed<br><br>Under the reaffirmation agreement          13.290% |
| 4. Does collateral secure the debt | ☐ No<br><br>☒ Yes.    Describe the collateral.  2019 CHEVROLET BLAZER 3GNKBBRA0KS696355<br>              Current market value:  **Creditor is unable to ascertain the value and condition as they do not have access to the collateral.** |
| 5. Does the creditor assert that the debt is nondischargeable? | ☒ No<br><br>☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable |

| 6. Using information from Schedule I: *Your Income* (Official Form106I) and *Schedule J: Your Expenses* (Official Form 106J), fill in the amounts. | Income and expenses reported on Schedules I and J | Income and expenses stated on the reaffirmation agreement |
|---|---|---|
| | 6a. Combined monthly income from Line 12 of Schedule I<br>$ 4,590.22 | 6e. Monthly income from all sources after payroll deductions   $ 4,590.22 |
| | 6b. Monthly expenses from line 22c of Schedule J<br>$ 4,588.95 | 6f. Monthly expenses   - $ 4,588.95 |
| | 6c. Monthly payments on all reaffirmed debts not listed on Schedule J<br>$ 0 | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses   - $ 0 |
| | 6d. Scheduled net monthly income<br>$ 1.27<br><br>Subtract lines 6b and 6 c from 6a.<br><br>If the total is less than 0, put the number in brackets. | 6h. Present net monthly income   $ 1.27<br><br>Subtract lines 6f and 6g from 6e.<br><br>If the total is less than 0, out the Number in brackets |

Official Form 427                    Cover Sheet for Reaffirmation Agreement                    page. 1

Doc ID: 0b3df1eb2e9c20b77b8e2a42f83789043162db1d

**AUTUMN LYNN RUDDY**

26-51003

| | |
|---|---|
| **7. Are the income amounts on line 6a and 6e different?** | ☒ No<br><br>☐ Yes  Explain why they are different and complete line 10. _____<br><br>_____ |
| **8. Are the expense amounts on lines 6b and 6f different?** | ☒ No<br><br>☐ Yes  Explain why they are different and complete line 10._____<br><br>_____ |
| **9. Is the net monthly income in line 6h less than 0?** | ☒ No<br><br>☐ Yes. A presumption of hardship arises (unless the creditor is a credit union).<br>Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses<br>Complete line 10.<br><br>_____ |
| **10. Debtor's certification about lines 7-9**<br><br>If any answer on lines 7-9 is *Yes* the debtor must sign here.<br><br>If all the answers on lines 7-9 are *No*. go to line 11. | I certify that each explanation on lines 7-9 is true and correct.<br><br>X_____  X _____<br>Signature of Debtor 1          Signature of Debtor 2 (Spouse. Only in a Joint Case) |
| **11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?** | ☐ No<br><br>☒ Yes.  Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?<br><br>  ☐ No<br><br>  ☒ Yes |

---

| Part 2 | Sign Here |
|---|---|

| | |
|---|---|
| **Whoever fills out this form must sign here.** | **I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement***<br><br>X /s/    *SABRIN HIRBAWI*<br>Sabrin Hirbawi, Agent  for Creditor<br>Weltman, Weinberg & Reis Co., LPA<br>5990 West Creek Rd Suite 200<br>Independence, OH 44131          **Date:** 07/30/2026<br>                    MM / DD / YYYY<br><br>Check one<br><br>  ☐ Debtor or Debtor's Attorney<br>  ☒ Creditor or Creditor's Agent |

Doc ID: 0b3df1eb2e9c20b77b8e2a42f83789043162db1d

B 2400A/B ALT (Form 2400A/B ALT) (12/15)

| |
|---|
| ☐ Presumption of Undue Hardship |
| ☒ No Presumption of Undue Hardship<br>(Check box as directed in Part D: Debtor's Statement in<br>Support of Reaffirmation Agreement) |

WWR#   042228403

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

In re:

AUTUMN LYNN RUDDY

Case No.  26-51003

Chapter 7

Debtor(s)                                    Judge:  KATHARINE M. SAMSON

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☐ Part A: Disclosures, Instructions, and           ☐ Part D: Debtor's Statement in
   Notice to Debtor (pages 1 - 5)                       Support of Reaffirmation Agreement

☐ Part B: Reaffirmation Agreement                  ☐ Part E: Motion for Court Approval

☐ Part C: Certification by Debtor's Attorney

*[**Note**: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement.  **Note also:** If you complete Part E, you must prepare and file Form 240C ALT - Order on Reaffirmation Agreement.]*

**Name of Creditor:**  NAVY FEDERAL CREDIT UNION

☒   *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

**PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR**

**1.      DISCLOSURE STATEMENT**

Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm: $20,082.04
The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement

Doc ID: 0b3df1eb2e9c20b77b8e2a42f83789043162db1d

**Form 2400A/B ALT - Reaffirmation Agreement (Cont.)**                                        **2**

ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt]*

a.  If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i)  The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed the time of the disclosure statement:  %. Fixed

--- And/Or ---

(ii)  The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: : % Variable.  If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$             @             %
$             @             %
$             @             %

b.  If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available, the simple interest rate shown in (ii) below, or both.

(i)  The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed:  13.290%.

--- And/Or ---

(ii)   The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor:  %.  If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$             @             %
$             @             %
$             @             %

Doc ID: 0b3df1eb2e9c20b77b8e2a42f83789043162db1d

**Form 2400A/B ALT - Reaffirmation Agreement (Cont.)**

3

c.        If the underlying debt transaction was disclosed as a variable rate transaction on the most
          recent disclosure given under the Truth in Lending Act:

          The interest rate on your loan may be a variable interest rate which changes from time to time,
          so that the annual percentage rate disclosed here might be higher or lower

d.        If the reaffirmed debt is secured by a security interest or lien, which has not been waived or
          determined to be void by a final order of the court, the following items or types of items of the
          debtor's goods or property remain subject to such security interest or lien in connection with the
          debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase price or Original Amount of Loan |
|---|---|
| 2019 CHEVROLET BLAZER 3GNKBBRA0KS696355 | $21,455.61 |

*Optional ---the election of the creditor, a repayment schedule using one or a combination of the following may be provided*

**Repayment Schedule:**
 Your first payment in the amount of $523.62 which includes any past due amounts is due on 07/12/2026
Thereafter, your payment schedule will be 63 payments in the amount of 434.31 each payable monthly on the
12th

- Or -

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's
representative.

Doc ID: 0b3df1eb2e9c20b77b8e2a42f83789043162db1d

**Form 2400A/B ALT - Reaffirmation Agreement (Cont.)**                                    4

### 2.  INSTRUCTIONS AND NOTICE TO DEBTOR

Reaffirming a debt is a serious financial decision.  The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully.  Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.  If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it.  The court will notify you and the creditor of the hearing on your reaffirmation agreement.  You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement.  The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed or other lien on your real property, like your home.

**Form 2400A/B ALT - Reaffirmation Agreement (Cont.)**                                                    5

YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation.  It is not discharged in your bankruptcy case.  That means if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages.  Otherwise, your obligations will be determined by the reaffirmation which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien?  Your bankruptcy discharge does not eliminate any lien on your property.  A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed.  Even if you do not do not reaffirm and your personal liability on the debtor is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

**NOTE:**  When this disclosure refers to what a creditor " may" do it does not use the word "may".
To give the creditor specific permissions.  The word "may" is used to tell you what might occur if the law permits the creditor to take the action.  If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt.  If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**Form 2400A/B ALT - Reaffirmation Agreement (Cont.)**                    6

### PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:   RETAIL INSTALLMENT CONTRACT

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement: NONE

3.

SIGNATURE(S)                                         Accepted by Creditor
Borrower

 AUTUMN LYNN RUDDY                                   NAVY FEDERAL CREDIT UNION
                                                     PO BOX 3000
                                                     MERRIFIELD, VA 22119

Date:   07 / 30 / 2026                               /S/   SABRIN HIRBAWI
                                                     Sabrin Hirbawi
                                                     Agent for Creditor
                                                     5990 West Creek Rd Suite 200
                                                     Independence, OH 44131

                                                     Date:      07/30/2026

Co-Borrower, if also reaffirming these debts

Date:

Doc ID: 0b3df1eb2e9c20b77b8e2a42f83789043162db1d

**Form 2400A/B ALT - Reaffirmation Agreement (Cont.)**                                  **7**

### PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ [Check box, if applicable and the creditor is not a Credit Union.] A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney:  THOMAS CARL ROLLINS JR

Signature of Debtor's Attorney:  /s/ Thomas Carl Rollins, Jr._____

Date:  07/30/2026_____

Doc ID: 0b3df1eb2e9c20b77b8e2a42f83789043162db1d

**Form 240A/B ALT – Reaffirmation Agreement (Cont.)**                                    **8**

### PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

[Read and complete sections 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3.  Sign the appropriate signature line(s) and date your signature.  If you complete sections 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship."  Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 4,590.22 , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 4,154.64 , leaving $ 435.58 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____

---

**(Use an additional page if needed for a full explanation.)**

2.  I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

_____

_____

Date: _____

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement

_____
AUTUMN LYNN RUDDY

_____

Date: _____07/30/2026_____

**Form 2400A/B ALT - Reaffirmation Agreement (Cont.)**   9

PART E: MOTION FOR COURT APPROVAL
[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (check all applicable boxes):

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed:

_____

_____

Date: _____

Doc ID: 0b3df1eb2e9c20b77b8e2a42f83789043162db1d